UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                                    :
UNITED STATES OF AMERICA                            :
                                                    :                06 Cr. 684 (GEL)
      -v.-                                           :
                                                    :
PETER CASTELLANETA and                              :
CURTIS GATZ,                                         :
                                                    :
                        Defendants.                 :
                                                    :
-----------------------------------------------------------------x
                                                    :
UNITED STATES OF AMERICA                            :
                                                    :                07 Civ. 7694 (GEL)
      -v.-                                           :
                                                    :                **ORDER**
PETER CASTELLANETA and QUEENS                       :
LONG ISLAND MEDICAL GROUP, P.C.,                    :
                                                    :
                        Defendants.                 :
                                                    :
-----------------------------------------------------------------x


GERARD E. LYNCH, District Judge:

       This order addresses a series of motions and applications in the two above-captioned cases, which concern certain funds seized by the government in connection with a fraud that took place at Queens Long Island Medical Group, P.C. ("QLIMG"). The fraud was orchestrated by Denise Lamonica, an employee of QLIMG, who billed her employer for services that were never rendered. She billed for these services on behalf of two corporations, Stafford Personnel Group and Traditional Personnel Services, in which she shared a one-third partnership with Peter Castellaneta, her then-boyfriend, and Curtis Gatz.

       On May 10, 2007, the Grand Jury returned an indictment against Lamonica, No. 06 Cr. 678 (LBS), and another against Peter Castellaneta and Curtis Gatz, No. 06 Cr. 684 (GEL). On September 11, 2006, Denise Lamonica pled guilty to one count of mail fraud. On March 7, 2007, after a jury trial before the undersigned judge, Castellaneta and Gatz were acquitted of charges that they had conspired with Lamonica to defraud QLIMG.

The funds at issue in the present round of motions and applications were seized by the government on July 21, 2006. The funds, which total approximately $595,000, were in accounts in Peter Castellaneta's name. On July 13, 2007, Castellaneta filed a Petition For Release Of Seized Property (No. 06 Cr. 648, Doc. #49) seeking the return of the seized funds.

On August 16, 2007, QLIMG filed a civil action in New York State Supreme Court, New York County, Index No. 7111252/07. The complaint alleges, inter alia, that Castellaneta and Gatz, along with Lamonica, defrauded QLIMG of approximately $600,000.

On August 24, 2007, QLIMG filed a "Cross Motion To Intervene As A Defendant And For A Temporary Restraining Order Against The United States Of America, Restraining The Release Of The Seized Property And In Opposition To Defendant Peter Castellaneta's Petition For Release Of Seized Property" (the "Motion to Intervene") in the criminal action against Castellaneta. (No. 06 Cr. 648, Doc. # 53.) QLIMG seeks to intervene in the criminal action solely for purposes of obtaining a temporary restraining order directing the government not to return the seized funds to Castellaneta.

On August 29, 2007, the United States filed an interpleader action, No. 07 Civ. 7694 (GEL), which — entirely by coincidence — was also assigned to the undersigned judge. The government disavows any interest in the seized property, and seeks to be dismissed from the action and to compel Castellaneta and QLIMG to litigate their respective claims to that property against each other.

Interpleader actions generally proceed in two stages. First, the Court determines whether the plaintiff stakeholder, here the United States, is entitled to the relief sought. See Salomon Smith Barney, Inc. v. McDonnell, 201 F.R.D. 297, 301 (S.D.N.Y. 2001). Second, the Court adjudicates the adverse claims of the interpleaded defendants. See id. Rule 22(1) of the Federal Rules of Civil Procedure provides that interpleader is proper if the party requesting it "[i]s or may be exposed to double or multiple liability." Interpleader is rooted in equity and a "[h]andy tool to protect a stakeholder from multiple liability and the vexation of defending multiple claims to the same fund." Washington Elec. Coop., Inc. v. Paterson, Walke & Pratt, P.C., 985 F.2d 677, 679 (2d Cir. 1993). "Accordingly, what triggers interpleader is a real and reasonable fear of double liability of vexatious, conflicting claims." Id. (internal citation and quotation marks omitted). "Courts have long recognized that the remedy of interpleader should be liberally granted." Salomon Smith Barney, 201 F.R.D. at 301-02.

The Court is thoroughly familiar with the facts of these cases, and so there is no need for further briefing or evidence-gathering with respect to the government's application, which is clearly meritorious. Castellaneta and QLIMG both claim they are entitled to the funds in the government's possession. Their claims arise from circumstances that could not be more closely related: Castellaneta contends the funds were seized in connection with false accusations of fraud, and QLIMG claims that the accusations of fraud — although not proven beyond a reasonable doubt — are true, and that it is entitled to recover those funds as a consequence of that fraud. The government has disavowed any claim to the money. Accordingly, the claims

2

against the government are "such that the plaintiff is or may be exposed to double or multiple liability." Fed. R. Civ. P. 22(1). Therefore, the government will be discharged from the case and QLIMG and Castellaneta allowed to litigate their claimed entitlement to the funds directly against each other.

QLIMG has filed applications for relief in this Court only for the purpose of protecting the status quo while its state court action against Castellaneta goes forward, and Castellaneta has expressed no interest in litigating those claims here. Therefore, interpleader having been granted, the Court anticipates that QLIMG's claims against Castellaneta will be litigated in the pending state court action. If the parties have any applications to make with respect to the disposition of the seized funds during the pendency of the state court litigation, those applications should be directed to the state court. The Court will accord considerable deference to any decisions of the state court granting interim relief with respect to the disposition of the funds, and the ultimate decision of the state court adjudicating the merits of the claims will presumably dispose of the matter before this Court.

Accordingly, it is hereby ORDERED that:

1.    All motions concerning the seized property in the criminal action (No. 06 Cr. 648, Docs. #49 and 53) are denied. The Clerk of the Court is respectfully directed to mark the case (No. 06 Cr. 648) as closed.

2.    The government's application for interpleader is granted. The United States is dismissed from the civil action (No. 07 Civ. 7694), which will be stayed pending the outcome of the state court proceedings. The Clerk of Court is respectfully directed to transfer the civil action (No. 07 Civ. 7694) to the suspense docket.

3.    All funds seized by the government in connection with the criminal proceedings against Peter Castellaneta shall be deposited with the Court pursuant to Rule 67 of the Federal Rules of Civil Procedure.


SO ORDERED.

Dated: New York, New York
       September 4, 2007

                                            _____
                                            GERARD E. LYNCH
                                            United States District Judge

3