UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

UNITED STATES OF AMERICA,                    :

                        Plaintiff,      :     06 Cr. 684 (GEL)

            against                     :

PETER CASTELLANETA and                       :
CURTIS GATZ,                                 :

                  Defendants.     :

----------------------------------------------------------x

UNITED STATES OF AMERICA,                    :

                        Plaintiff,      :

             against                     :     07 Civ. 7694 (GEL)

PETER CASTELLANETA and QUEENS LONG          :
ISLAND MEDICAL GROUP, P.C.                   :

                  Defendants.     :

----------------------------------------------------------x

## DEFENDANT'S MOTION TO DISMISS AND MOTION TO RECONSIDER

PLEASE TAKE NOTICE that Defendant Peter Castellaneta, by his undersigned attorney,

will move, before the Hon. Gerald E. Lynch, United States Courthouse, 500 Pearl Street, New

York, New York, on September 24, 2007 at 10:00 a.m. or at such other date and time as the

Court may set, for an order under FED. R. CIV. P. 12(b)(6) dismissing the government's

interpleader complaint or, in the alternative, under Rule 6.3 of the Southern District of New York

reconsidering its interpleader order of September 4, 2007.  Additionally, Defendant requests that

the Court vacate the stay the proceedings entered by this court on September 4 and direct the

return of Mr. Castellaneta's funds.

In support of this motion, defendants rely upon the Affidavit of Peter Castellaneta, the Declaration of Peter E. Brill, and the attached Memorandum of Law in Support of Motion for Relief from Order.

Dated: New York, New York
        September 14, 2007

                                    Respectfully submitted,

                                    KARASYK & MOSCHELLA, LLP

                            By:     _____
                                    Peter E. Brill (PB 0818)
                                    Attorney for Defendant Peter Castellaneta
                                    225 Broadway, 32nd Floor
                                    New York, NY 10007
                                    (212) 233-3800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                                :
UNITED STATES OF AMERICA,                       :
                                                :
                            Plaintiff,          :            06 Cr. 684 (GEL)
                                                :
                                                :
              against                           :
                                                :
PETER CASTELLANETA and                          :
 CURTIS GATZ,                                   :
                                                :                          :
                            Defendants.         :
-----------------------------------------------------------x
                                                :
UNITED STATES OF AMERICA,                       :
                                                :
                            Plaintiff,          :
                                                :
              against                           :            07 Civ. 7694 (GEL)
                                                :
PETER CASTELLANETA and QUEENS LONG              :
ISLAND MEDICAL GROUP, P.C.                      :
                                                :
                                                :
                            Defendants.         :
-----------------------------------------------------------x


## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR RECONSIDER INTERPLEADER ORDER

KARASYK & MOSCHELLA, LLP
Peter E. Brill (PB 0818)
*Attorney for Defendant Peter Castellaneta*
225 Broadway, 32nd Floor
New York, NY 10007
(212) 233-3800

1.     Defendant, Peter Castellaneta, respectfully moves this Court for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the government's interpleader complaint or, in the alternative, under Rule 6.3 of the Southern District of New York reconsidering its interpleader order of September 4, 2007. Additionally, Defendant requests that the Court vacate the stay the proceedings entered by this court on September 4 and direct the return of Mr. Castellaneta's funds.

## Introduction

2.     Two months after his arrest on mail fraud and conspiracy charges, the Department of Justice executed seizure warrants against Peter Castellaneta, Curtis Gatz, Denise LaMonica, Stafford Personnel Group, Inc. and Traditional Personnel Services. In so doing, the government seized approximately $476,654.24 of Mr. Castellaneta's personal funds, more than four times the $111,380.94 in proceeds the government would ultimately claim Mr. Castellaneta received from the criminal enterprise alleged. Despite the government's mistaken assertions in its recent interpleader complaint, this $476,654.24 was seized from Mr. Castellaneta's personal savings and checking accounts at Chase. Confronted with an application to return the wrongfully seized funds, the government has attempted to use the interpleader statutes and rules to continue to deprive Mr. Castellaneta of the personal funds it seized, even though he has been acquitted of all criminal charges.

3.     On August 16, 2007, Queens Long Island Medical Group, P.C. ("QLIMG") brought a civil action against Mr. Castellaneta in New York State Supreme Court in Manhattan. On August 29, 2007, the government brought a motion to interplead against Mr. Castellaneta and QLIMG. On September 4, 2007, six days later, this Court, without providing Mr. Castellaneta an opportunity to respond, granted interpleader.

4.       Denying Mr. Castellaneta any opportunity to respond to the government's newly filed complaint for interpleader before entering an order upholding the complaint as valid violated his right to due process. This may be easily remedied, however, by considering his following objections to interpleader.

5.       The government has failed to satisfy the requirements of interpleader. The money seized does not belong to QLIMG nor does QLIMG have any claim against the government for the seized funds. QLIMG is suing Mr. Castellaneta rather than the government; thus, there are no adverse claims between QLIMG and Castellaneta. Nor is there any possibility that the government could be subject to double liability, as it faces only potential liability to Mr. Castellaneta if it fails to return his money. Further, because the originally seized funds were taken from several different accounts and were over four times greater than the amount allegedly received by Mr. Castellaneta from Stafford, the government did not adequately identify a single fund for interpleader.

6.       Finally, interpleader should not be used to attach funds that could not be attached under New York law. Mr. Castellaneta is a New York resident, has not attempted to frustrate any creditors, and has been acquitted. Additionally, he has ample other assets that could satisfy any judgment against him.

7.       While Mr. Castellaneta is cognizant of the Court's willingness to defer to the state court's orders regarding interim relief as to the disposition of Mr. Castellaneta's funds, it is respectfully suggested that requiring Mr. Castellaneta to bring additional action in state court to recover funds that are rightly his would be violative of his rights under United States asset forfeiture laws, where the government's motion herein should not have been granted and QLIMG's claims for the funds in question are not proper.

### Statement of Facts

8.　　On May 10, 2007, a Southern District Grand Jury indicted Denise Lamonica, an employee of QLIMG, Peter Castellaneta, and Curtis Gatz for defrauding QLIMG by billing for services that were never rendered. On July 21, 2006, the government seized funds totaling approximately $600,000 from Peter Castellaneta and Stafford Personnel.

9.　　On September 11, 2006, Denise Lamonica pled guilty to one count of mail fraud. On March 7, 2007, after a jury trial, Mr. Castellaneta and Mr. Gatz were acquitted of all charges.

10.　　On July 13, 2007, Mr. Castellaneta filed a Petition for Release of Seized Property seeking the return of his seized funds because the government had not complied with the requirements of civil asset forfeiture under 18 U.S.C. § 983.

11.　　On August 16, 2007, QLIMG filed a civil action in New York State Supreme Court alleging fraud against Castellaneta and Gatz. On August 24, 2007, QLIMG filed a motion to intervene in Mr. Castellaneta's petition to recover his funds to obtain a temporary restraining order against the government from returning the seized funds to Mr. Castellaneta.

12.　　On August 29, 2007, the United States filed an interpleader action disavowing any interest in the seized funds. On September 4, 2007, this Court granted the government's motion for interpleader.

## ARGUMENT

13.     This Court should dismiss or reconsider the interpleader complaint because: 1) the failure to allow a response prior to granting interpleader violated due process, 2) the government has not met the requirements of interpleader, 3) interpleader would unfairly allow QLIMG to bypass New York's strict attachment requirements that cannot be used in state court against this defendant, and 4) the result of this process is that the government's illegal seizure of personal savings unconnected to the alleged fraud would be sanctioned instead of remedied.

### I. Denying Mr. Castellaneta an Opportunity to Challenge Interpleader Violated Due Process.

14.     The interpleader order is inappropriate because Mr. Castellaneta was denied an opportunity to respond to the government's motion for interpleader.  Procedural due process requires notice and an opportunity to respond.  See *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466 (2000) ("[t]he fundamental requisite of due process of law is the opportunity to be heard.") (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, (1950))  (quoting *Grannis v. Ordean*, 234 U.S. 385, 394 (1914)); see also *Beller & Keller v. Tyler*, 120 F.3d 21, 23 (2nd Cir. 1997) (noting case law support "for the proposition that a default judgment entered before the time to answer expires violates due process"). At the very least, the Federal Rules of Civil Procedure provided 20 days for Mr. Castellaneta to respond to and challenge the adequacy of the government's interpleader complaint.  *See* Fed. R. Civ. P. 12(a)(1)(A).

15.     The government filed its interpleader complaint on August 29, 2007; hence, even if electronic service is deemed adequate, defendant's time to respond was September 18, 2007. Yet, this Court granted the government's application for interpleader on September 4, 2007.

16.     Although he received an e-mail copy of the complaint from a Ms. Renee Spilker of the United States Attorney's Office on August 29, 2007, Peter Brill, counsel for Mr. Castellaneta, was never electronically served via ECF, nor was he physically served with the government's motion until later in the day that this Court made its decision, *after* the Court made its decision. See *Declaration of Peter E. Brill.*  Between August 29 and September 4, Mr. Castellaneta was not granted the opportunity to submit a brief or be heard, in violation of his due process rights. Fortunately, this due process denial is easily remedied by accepting and considering this motion. We raise this issue merely to preserve it, in the expectation it will become moot.

## II.     The Government Has Not Satisfied the Requirements of Interpleader.

17.     The purpose of interpleader is to avoid multiple, conflicting claims to a single, identifiable fund by forcing all claimants to resolve their competing claims in a single action before one court.  See *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 530 (1967); *Ashton v. Josephine Bay Paul and C. Michael Paul Found, Inc.*, 918 F.2d 1065, 1068 (2d Cir. 1990) (involving statutory interpleader); *Trowbridge v. Prudential Ins. Co. of America*, 322 F.Supp. 190, 192 (S.D.N.Y. 1971) (involving rule interpleader).  The party seeking interpleader bears the burden of establishing that interpleader is necessary.  See *Catizone v. Memry Corp.*, 897 F.Supp. 732, 740 (S.D.N.Y. 1995).

18.     Although the cases cited by this Court in its interpleader order broadly stand for the liberal application of interpleader, the facts of those cases involve different sets of circumstances. *Solomon Smith Barney, Inc. v. McDonnell*, 201 F.R.D. 297 (S.D.N.Y. 2001), involved an individual who had been found liable for fraud and ordered to disgorge funds to repay the defrauded investors. Interpleader in that case was appropriate to determine the owners of his assets held in bankruptcy. In the present case, there has been no finding of liability against

-6-

Mr. Castellaneta and he has not been ordered to disgorge any money. The other case cited by this Court, *Washington Electric Coop., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677 (2nd Cir. 1993), addressed a plaintiff who has "a legitimate fear of having to pay the same claim twice." *Id.* at 679. Here, however, the government has no fear of having to pay the same claim twice, because it is not liable to QLIMG for the return of the seized funds. Thus, these cases should not preclude a denial of interpleader.

19.    Here, the government has failed to satisfy these interpleader requirements because: a) the putative interpleader defendants do not have adverse claims, b) the government is not potentially subject to double liability, and c) the approximately $600,000 in seized funds is not an identifiable fund.

### a)    Mr. Castellaneta's claim against the government is not adverse to QLIMG's claim against Mr. Castellaneta.

20.    Interpleader must be denied where the defendants in the action do not have adverse claims against each other. See *J.B.I. Industries, Inc. v. Suchde*, 2000 WL 1174997, *15-16 (S.D.N.Y. 2000) (denying motion to amend complaint to add interpleader defendants where defendants had no claims against proposed interpleader plaintiff); *Catizone*, 897 F.Supp. at 740 (denying interpleader where only one defendant had claim to register underlying stock); *Pine Run Properties, Inc. v. Pine Run Ltd.*, 1991 WL 280719, *9-10 (S.D.N.Y.1991) (dismissing interpleader action based on lack of adversity between defendants and because resolution of underlying issues did not require an interpleader action).

21.    In *J.B.I. Industries*, the plaintiff, a diamond seller, gave diamonds to the defendant, another diamond seller, on a consignment basis. *See* 2000 WL 1174997, *1-2. The defendant then gave the diamonds to two other sellers ("second set of sellers") also on a

consignment basis. See *Id.* The plaintiff sued the defendant for breach of contract and conversion after it failed to receive payment for the diamonds and attempted to interplead the second set of sellers. See *Id.* The court, however denied interpleader because the second set of sellers had no adverse claims against the original diamond consignment because they were making no claim to the diamonds. See *Id.* at 15.

22.    In *Catizone*, the pledgee of stock sued the issuer, transfer agent, and original holder of shares, seeking to compel registration. *See* 897 F.Supp. 732, 734-5. The issuer and transfer agent then sought to interplead the original stockholder and pledgee claiming that they could not determine who was the rightful owner of the stock. See *id.* at 739. The court denied interpleader because the original holder had no claim to the stock and thus, there were no adverse claims. See *id.* at 740.

23.    Like the second set of sellers in *J.B.I. Industries* and the original stockholder in *Catizone*, QLIMG has no adverse claim against the plaintiff. While Mr. Castellaneta is claiming a return of personal funds seized by the government, QLIMG is not pursuing an *in rem* action against these funds; it is seeking a judgment against Mr. Castellaneta. Whether or not Mr. Castellaneta reclaims his funds from the government has no bearing on QLIMG's claim against him. Although Mr. Castellaneta and QLIMG's suits may involve similar facts, there is neither adversity between the claimants nor adversity as to the ownership of the seized funds.

24.    Additionally, there is no adversity between Mr. Castellaneta and QLIMG based on a limited fund theory. There is no basis for a contention that Mr. Castellaneta would not be able to satisfy any judgment against him, because Mr. Castellaneta has significant assets, including a valuable house and business. See *Affidavit of Peter Castellaneta*. Thus, QLIMG claim against Mr. Castellaneta could be easily satisfied without resort to the approximately $476,654.24 in seized funds.

**b)    The government is not subject to double liability**

25.    The assumption that there is a risk of double liability is not well-founded.  The government is potentially liable only to Mr. Castellaneta for return of his seized assets.  It cannot be liable to QLIMG and, in fact, QLIMG has neither sued the government nor asserted any claim against it.  As the Court noted in its Order, citing *Washington Elec. Coop*, "what triggers interpleader is a real and reasonable fear of double liability of vexatious, conflicting claims."  Here, there is no "real or reasonable" fear of double liability, as the government is not and cannot be liable to QLIMG.

26.    As stated in *Stuyvesant Ins. Co. v. Dean Const. Co.*, 254 F.Supp. 102, 108 (S.D.N.Y. 1966), "the purpose of an interpleader is as much to protect a stakeholder from the expense of double litigation, as it is to protect him from the risk of double liability. " *Id.* at 108 (quoting from *Metropolitan Life Ins. Co. v. Segaritis*, 20 F.Supp. 739, 741 (E.D.Pa.1937)).  The threat of double liability only occurs if, were the funds paid to one claimant, another could sue the stakeholder for having paid the fund to the wrong party. See *Indianapolis Colts v. Mayor and City Council*, 733 F.2d 484, 486 (7th Cir. 1984).

27.    Because the government is not facing multiple liability, the interpleader order should be dismissed. See *Pine Run Properties*, 1991 WL 280719 at *9.  In *Pine Run*, the plaintiffs were general partners in limited partnerships that owned an apartment complex on five parcels of land. The plaintiffs attempted to bring an interpleader action against the limited partnerships, the mortgage holder for the parcels of land, the limited partners in the limited partnerships, and a former manager of the apartment complex to determine the ownership of the apartment complex. The court, however, denied interpleader because only the mortgage holder and the limited partnerships had an actual interest in the apartment complex and "[t]here is simply no risk to plaintiffs of multiple liability with respect to the apartment complex" because

only the mortgagor had a claim to it. *Id.* at \*9. Likewise, in the case before this Court, there is

simply no risk that the government could face multiple liability in regard to the approximately

$476,654.24 in seized funds because only Mr. Castellaneta has a claim for the seized funds.

There has no been no showing, under any theory, as to how the government could be liable to

QLIMG if it returned the assets to Mr. Castellaneta. Mr. Castellaneta has already been acquitted

and QLIMG could not force restitution even if he had been convicted. See *United States v.*

*Grundhoefer*, 916 F.2d 788, 793 (2d Cir.1990) (holding that trustee for defrauded victims lacked

standing under victim restitution statute and could not challenge terms of restitution order); *see*

*also*18 U.S.C. § 981(e)(6) (providing that the Attorney General, the Secretary of the Treasury, or

the Postal Service *may retain forfeited property or transfer such property on such terms and*

*conditions as he may determine*) (emphasis added); 21 U.S.C. § 853(i)(1) (stating that the

Attorney General may "grant petitions for mitigation or remission of forfeiture, restore forfeited

property to victims...or take any other action to protect the rights of innocent persons which is in

the interest of justice).

28.     In fact, it may be the case that asset forfeiture and interpleader are mutually

exclusive because each provides its own procedure for recovering funds.

29.     That QLIMG has asserted the funds were obtained through fraud may bear

scrutiny by the Court, as it has here, but it does nothing to change the fact that QLIMG has no

claim to these specific funds; they have merely asserted a claim for damages. As noted

throughout the QLIMG civil complaint, and specifically in its final demand, "Plaintiff demands

judgment against the defendants in the amount of Six Hundred Thousand Dollars ($600,000)

together with interest, costs and attorneys fees in this action." *See* **Exhibit B**, page 15. There has

been no civil demand or claim in the state action for the specific funds in the Court's possession;

merely a general demand for damages.

30.    As noted above, QLIMG's sole claim is against Mr. Castellaneta. It has filed no claim against the government relating to the seized funds. The single liability the government faces is from Mr. Castellaneta, from whom it has wrongfully seized personal funds. Liberal application of the interpleader concept is not sufficient to excuse noncompliance with its requirements. The seized funds belong to Mr. Castellaneta, he has other assets to satisfy any future claims, and QLIMG has not made a claim against the government for the seized funds.

c)    **The seized funds do not meet the interpleader requirement of a single, identifiable fund**

31.    The government has failed to identify a "fund" that would be appropriate for interpleader. See *North American Marketing Corp. v. K. Gronbach & Associates, Inc.*, 221 F.R.D. 296, 299 (D.Conn. 2002)("[t]he existence of a single, identifiable fund is a fundamental requirement to any interpleader action"). The interpleaded funds do not contain the money that QLIMG claims was stolen or appropriated through fraud. The seized funds are from personal as well as business accounts. In fact, three-quarters (3/4) of the funds seized are not even related to the fraud charged by the government. At the very most, QLIMG's claim relates to the remaining one quarter (1/4) of the $476,654.24 originally seized. This absence of an identifiable fund precludes the interpleader. See id. at 299 (holding that the "absence of an undisputed definition as to how the amount of the fund was determined precludes a finding that the funds are identifiable").

32.    The seized monies are not a specific item, such as a boat, house or painting; nor do they represent a specific identifiable fund. See *American Family Mut. Ins. Co. v. Roche*, 830 F. Supp. 1241, 1245 (E.D. Wis. 1993) ("[T]he dispute cannot involve money generally, as most disputes do, but must involve a specific fund of money and competing claims for that fund").

-11-

In fact, there is confusion regarding the source of the seized funds. Some of the accounts were seized from Mr. Castellaneta while others were seized from a corporation where he was an officer. Further complicating the issue, the government has not adequately identified how the approximately $600,000 (total - Mr. Castellaneta's personal funds seized equal $476,654.24) was derived and what, if any, relation they have to QLIMG. See *Wegmans Food Markets, Inc. v. Ancoma, Inc.*, 2006 WL 931604, *2 (W.D.N.Y. 2006) (dismissing interpleader complaint where plaintiff gave the court an insufficient explanation as to how a $330,750 accounts payable fund was derived). Thus, interpleader is inappropriate. See *id.*

### III.    By Granting Interpleader, this Court Would Allow QLIMG to Bypass New York's Stricter Attachment Requirements.

33.    QLIMG has sought pre-judgment attachment by way of a temporary restraining order, which this Court has granted by its interpleader ruling. QLIMG is improperly attempting to gain traction in the state civil matter via this Court, as pre-judgment attachment of this sort is virtually unknown under New York State law when the defendant is a New York State domiciliary. Pre-judgment attachment is a harsh and extraordinary remedy and strictly construed against those who seek it. See *Buy This, Inc. v. MCI Worldcom Communications, Inc.*, 178 F.Supp.2d 380, 383-85 (S.D.N.Y. 2001) (denying attachment where no evidence that defendant was attempting to remove assets from the state); *Michaels Elec. Supply Corp. v. Trott Elec. Inc.*, 231 A.D.2d 695, 647 N.Y.S.2d 839, 840 (1996) (rejecting attachment where no evidence that defendant engaged in conduct intended to frustrate its creditors); CPLR § 6201(4) (limiting attachment to actions brought "by the victim ... against the person or the legal representative or assignee of the person ***convicted*** of committing such crime and seeks to recover damages sustained as a result of such crime.") (emphasis added).

-12-

34.    Under Section 6201 of the New York Civil Practice Law and Rules ("CPLR"), a movant can attach funds prior to a finding of liability only if certain statutory elements are satisfied. Under New York law, QLIMG could not attach Mr. Castellaneta's assets because none of the requirements of § 6201 are met. Mr. Castellaneta resides in New York, has not attempted to frustrate QLIMG's recovery, has not attempted to remove assets, and has not been convicted of the crime on which QLIMG is basing its suit. In short, QLIMG is unable to attach Mr. Castellaneta's assets in New York, but the use of interpleader would allow a de facto attachment in federal court.

35.    Thus, this court should not permit QLMIG to circumvent the stricter New York requirements and accomplish an attachment that would fail under New York law, following the path that previous federal decisions have set down. See *Koehring Company v. Hyde Construction Company*, 424 F.2d 1200 (7th Cir. 1970) ("Where there is an adequate remedy at law a court acting as a court of equity may decline to exercise its jurisdiction."); *Geler v. National Westminster Bank USA*, 763 F.Supp. 722, 729 (S.D.N.Y. 1991) ("Under the circumstances of this case, comity and respect for the state court system dictate that the [federal interpleader plaintiff seeking injunction to stay state proceeding] should first move in the state court for a stay of the state court action before applying for an injunction in this court."); *Commerce & Industry Ins. Co. v. Cablewave Ltd.*, 412 F.Supp. 204, 207 (S.D.N.Y. 1976) ("interpleader relief may be denied if there is an adequate remedy elsewhere").

36.    Finally, under the totality of the above arguments, this court should deny interpleader. See *United Artists Corp. v. Fields Productions, Inc.*, 363 F.Supp. 903, 906 (S.D.N.Y. 1973) (holding that under statutory interpleader the "ambiguity surrounding amount of 'fund' in suit, lack of adversity among most of defendants, and long pendency of state court actions against plaintiff by only truly adverse claimants, equities favored dismissal of complaint in federal interpleader action."). Again, the government has not shown that QLIMG has an

-13-

adverse claim to Mr. Castellaneta, the government does not face any liability from QLIMG, the seized funds are not a single, identifiable fund, and QLIMG could not attach the these funds under New York law. Interpleader, in this case, is improper.

**IV.**    **Allowing Interpleader Sanctions the Government's Illegal Seizure of Mr. Castellaneta's Personal Savings Instead of Remedying It**

37.    As shown in his July 13 Petition for Release of Seized Property and under 18 U.S.C. § 983, Peter Castellaneta is entitled to the return of the approximately $476,654.24 seized by the government. Permitting the government to use interpleader fails to remedy his injury and, in fact, sanctions the government's illegal conduct. To remedy the government's illegal retention of the funds, this Court should vacate the stay of proceedings entered by this Court and direct the return of all of Mr. Castellaneta's funds.

**Conclusion**

For all the foregoing reasons, Defendant Peter Castellaneta respectfully requests that this Court dismiss the interpleader action or reconsider its decision granting interpleader. Additionally, Defendant requests that the Court vacate the stay of proceedings entered by this Court and direct the return of all of Mr. Castellaneta's funds.

Dated: New York, New York
  September 14, 2007

       Respectfully Submitted,

       KARASYK & MOSCHELLA, LLP

   By: _____

       Peter E. Brill (PB 0818)
       Attorney for Defendant Peter Castellaneta
       225 Broadway, 32nd Floor
       New York, NY 10007
       (212) 233-3800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

UNITED STATES OF AMERICA,                     :          06 Cr. 684 (GEL)

                              Plaintiff,      :

                   against                    :

PETER CASTELLANETA and                        :
CURTIS GATZ,                                  :

                              Defendants.     :

-------------------------------------------------------------x

UNITED STATES OF AMERICA,                     :          07 Civ. 7694 (GEL)

                              Plaintiff,      :

                   against                    :
                                              :          _____
PETER CASTELLANETA and QUEENS LONG            :
ISLAND MEDICAL GROUP, P.C.                    :          **AFFIRMATION OF**
                                              :          **PETER CASTELLANETA**
                                              :

                              Defendants.     :

-------------------------------------------------------------x

PETER CASTELLANETA, being duly sworn, deposes and says:

1.      I was/am the Defendant in the above-referenced matters.

2.      I make this Affidavit in support of the attached Motions to Dismiss and
Reconsider this Court's Order of September 4, 2007.

3.      On August 14, 2006, I was arraigned on a superseding indictment in the above-
referenced criminal matter. I was acquitted of all charges after trial on March 7, 2007.

4.      Between July 21 and July 28, 2006, the Department of Justice executed a seizure
warrant on my Chase personal checking account, Account Number 124-334555, and savings
account, Account Number 124-342221. On that date, the checking account contained $30,568.49
and the savings account contained $446,085.75. The balances and the seizure are reflected on my

July 14 - August 10, 2006 Chase bank statement, attached hereto as **Exhibit "A"**. Since that date, I have even been denied access to the minor remaining balance in my accounts.

5.     The government, in its interpleader action dated August 29, 2007, is completely inaccurate in stating in paragraph 4(a)(3) of its complaint that the $446,086.75 was seized from an account in the name of Stafford Personnel Group Inc. d/b/a Traditional Personnel Services at JP Morgan Chase. This money was seized from my personal accounts and represents my savings, accumulated over the past 25 years.

6.     The government's assertion in paragraph 4(a)(7) of its complaint, that my checking account ending in 4555 contained $29,978.49, is incorrect. That account actually contained $30,568.49.

7.     The government is further mistaken in stating in paragraph 4(a)(8) that the balance in my personal savings account ending in 2221 was $1.00. That balance was, in fact, $446,085.75.

8.     On the same date that the Department of Justice executed a seizure warrant on my personal accounts, it also executed a seizure warrant on the business accounts of Stafford Personnel Group, Inc. and Traditional Personnel Services. The government's confusion about the balances in these accounts may have resulted in their misstating the balances in my personal accounts.

9.     On July 31, 2007, Queens Long Island Medical Group filed a civil action against me, Curtis Gatz, Denise LaMonica, etc. in New York State Supreme Court in Manhattan, seeking a money judgment of $600,000.

10.     At no point in Plaintiff's papers in that action does it indicate that it is seeking the funds in the Court's possession; merely a judgment in the amount of $600,000. Despite the similar

denominations, their claim is against me, not against the money in the Court's possession. A copy of Queens Long Island Medical Group's complaint against me is attached as **Exhibit "B"**.

11.    I have every intention of vigorously defending the action filed against me by the Queens-Long Island Medical Group, and I believe that I have a meritorious defense to the complaint which will ultimately prevail.  However, should the Plaintiff succeed in securing a judgment against me at the conclusion of the matter, my assets in New York State are substantial and will remain so.

12.    My house, located at 74 Ramble Road in Richmond County, is valued in excess of one million dollars, with a current mortgage balance of approximately $162,000. As the Plaintiff is seeking a judgment of $600,000 against me, the equity in my house alone would be enough to satisfy the judgment.

13.    In addition, I own a business, National Safeway Alert Systems, Inc. d/b/a Safeway Security Systems, with annual accounts receivable exceeding $1.2 million and 3,000 monthly recurring security and alarm contracts. The business is currently valued at between five and ten million dollars, and is located in Kings County.

14.    The government has failed to establish any legal basis to hold my personal funds. As the bulk of my liquid assets are now in the Court's possession, and as I need access to those funds in order to pursue my defense in the New York State Supreme Court matter, I am requesting that the Court release the funds previously contained in my Chase personal checking and savings accounts.

15.    In order to do so, I am respectfully requesting that the Court must reconsider its Order granting interpleader in this case, and dismiss the interpleader action brought by the government as improper.

WHEREFORE, it is respectfully requested that my motion for the above-requested relief be granted, and for such other, further and different relief as the Court deems just and proper.

Dated: New York, New York
      September 14, 2007

                                            PETER CASTELLANETA

Sworn to before me this
14th day of September, 2007

NOTARY PUBLIC

JOANNE VITALE
Notary Public, State of New York
No. 01VI6148813
Qualified in Richmond County
Commission Expires 06/26/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                         :

UNITED STATES OF AMERICA,     :       06 Cr. 684 (GEL)
                         :

            Plaintiff,     :

     against            :

PETER CASTELLANETA and    :
CURTIS GATZ,             :

           Defendants.   :
-------------------------------------------------------------x

UNITED STATES OF AMERICA,     :       07 Civ. 7694 (GEL)
                         :

            Plaintiff,     :

     against            :       _____

PETER CASTELLANETA and QUEENS LONG  :      **DECLARATION OF**
ISLAND MEDICAL GROUP, P.C.    :       **PETER E. BRILL**
                         :

           Defendants.   :
-------------------------------------------------------------x

Peter E. Brill declares as follows pursuant to 28 U.S.C. § 1746:

1.     I am the attorney for Peter Castellaneta in the above-captioned matters.

2.     In mid-August, 2007, during a telephone conversation with AUSA

Ramachandran, I consented to service on behalf of my client in the government's anticipated

interpleader action.

3.   On August 29, 2007, I received via e-mail a copy of the government's summons and

complaint, as well as a letter to Judge Lynch. This e-mail was sent from a Ms. Renee Spilker,

whom I assume to be an employee of the United States Attorney for the Southern District of New

York. This was the only e-mail I received, and it is attached as **Exhibit "C"**. I did not receive any

notification of the interpleader action via ECF.

4.      I fully intended to respond to the government's interpleader complaint, in similar fashion to the papers herein. I discussed this matter with Ms. Rachel Poritz, Esq., counsel for QLIMG, indicating by telephone during the week of September 3, 2007 that she should expect my response to the government's interpleader action by Monday, September 17, 2007. Ms. Poritz proposed to write to this Court to inform Judge Lynch of this schedule on September 4, 2007. Upon Judge Lynch's order of September 4, Ms. Poritz wrote to me via e-mail to indicate she would not be writing to the Court.

5.      I received Judge Lynch's Order via e-mail on September 4, 2007 at 11:46 A.M., well in advance of the date on which I believed I had to respond to the government's interpleader action.

6.      Though the government's letter to Judge Lynch of August 29, 2007, signed by AUSA Ramachandran and included as part of the above-mentioned e-mail from Renee Spilker claims that "Both parties are being served with the interpleader complaint today," actual service was not effected until the afternoon of September 4, 2007. It was only in the afternoon of September 4, 2007, well after Judge Lynch had issued his decision, that I was officially physically served with the government's interpleader action.

7.      As such, I am respectfully requesting that this Court grant the within motion to reconsider and dismiss, as Mr. Castellaneta was denied his due process right to respond to the government's interpleader action prior to the Court's issuing a decision and that interpleader is inappropriate under the circumstances herein.

Dated:      New York, New York
            September 14, 2007

                                                Peter E. Brill

-2-

# EXHIBIT A

July 14 - August 10, 2006
**Page 1 of 4**

124-00783-B008-00783-    -002-1-01-0000-0000- -IY
00001323 RETP 22 06224 - RETAIL NE B008 NNNNNN
PETER CASTELLANETA
74 RAMBLE RD.
STATEN ISLAND          NY  10308-3528

‖.ᵤ‖‖₁ᵤᵤ‖‖ₗₗₗₗₗₗ‖ₗₗ‖ₗₗₗₗₗₗ‖ₗₗ‖‖ₗ₁

# Select Banking® Statement

**Select Banking Customer Service**ˢᴹ
1-800-832-2088
Automated account information 24/7
Live assistance 7am - 9pm local time
Hearing impaired call 1-800-CHASETD
Access Accounts, Pay Bills, Transfer Money
Fast, Easy, Free with Chase Onlineˢᴹ
www.chase.com/bank

Primary Account Number:    124-334555
Number of Checks Paid: 1

# OVERVIEW

## Deposit Accounts - JPMorgan Chase Bank, N.A. ("Bank")

| Checking and Savings | Account Number | Opening Balance | Ending Balance |
|---|---|---|---|
| Select Checking W/Interest | 124-334555 | $ 30,568.49 | $ 600.63 |
| Select High Yield Savings | 124-342221 | $ 446,085.75 | $ 588.95 |
| **Total** | | $ 476,654.24 | $ 1,189.58 |

*This —*

## Retirement Holdings - Bank Deposit Accounts

The products listed on this portion of the statement represent a summary of your assets that are retirement deposit accounts that are held through the Bank.

| | Account Number | Current Value |
|---|---|---|
| SSN # XXX-XX-0043 | 783-6003511-19 | $ 733.95 |
| Traditional IRA Money Market Account Interest earned for 28 day(s): $ 1.17; Annual Percentage Yield Earned: 2.10% | | |
| **Total** | | $ 733.95 |

*This —*

## THIS ENDS YOUR STATEMENT OVERVIEW

### Important Select Information

Good News! Your combined monthly balance for this statement cycle totaled $ 238,900.32. During the next statement cycle, you'll earn the applicable Select Premium Rate(s) offered on balances in the Select Checking with Interest, High Yield Savings and Money Market Accounts. Rates vary by product and may change at Chase's discretion.

### Select Checking W/Interest          Account # 124-334555                PETER CASTELLANETA

| Summary | | | | |
|---|---|---|---|---|
| | Opening Balance | $ 30,568.49 | Average Balance | $ 15,192. |
| | Deposits and Credits | $ 632.63 | Interest Earned for 28 Day(s) | $ 17 |
| | Checks, Withdrawals and Debits | $ 30,600.49 | Annual Percentage Yield Earned | 1.50 |
| | **Ending Balance** | $ 600.63 | Interest Credited in 2006 | $ 318 |
| | | | Interest Rate(s): | 07/14 to 08/10 at 1.49 |

**You will receive detailed statements when applicable for Retirement, Credit, and Securities accounts.**

August 11 - September 13, 2006
Page 1 of 3

124-00783-B008-00783-        -002-1-03-0013-0000- -CN
00006125 RETI Z2 06257 - RETAIL NE B008 NNNNNN

PETER CASTELLANETA
74 RAMBLE RD.
STATEN ISLAND            NY  10308-3528

|ıııIllıııoıllıllıoloıılıllııoılıllılıoloıılıoloılIlı

## Select Banking® Statement

**Select Banking Customer Service℠**
1-800-832-2088
Automated account information 24/7
Live assistance 7am - 9pm local time
Hearing impaired call 1-800-CHASETD
Access Accounts, Pay Bills, Transfer Money
Fast, Easy, Free with Chase Online℠
www.chase.com/bank

Primary Account Number:   124-334555
Number of Checks Enclosed: 0

As of October 1, 2006, 339 branches of The Bank of New York will become branches of JPMorgan Chase Bank, N.A. While you can use ATMs with The Bank of New York logo as of October 1 with no fee, the new branches won't be available to you for banking until they convert to our systems next spring and their signs change to Chase.

While it is always our intent to process your checks and other items as quickly as possible, we want you to be aware that in most cases, we will treat checks with The Bank of New York logo as those from a separate bank for purposes of funds availability and cashing checks, until spring 2007. Until that time:

- If you deposit a check with The Bank of New York logo, that check will be considered either a local or nonlocal check and funds will be made available to you based on your Funds Availability Policy.

- If checks that you write are presented for payment to a branch with The Bank of New York logo, that branch may treat your check as though it was written on another bank and may not be able to cash it.

## OVERVIEW

### Deposit Accounts - JPMorgan Chase Bank, N.A. ("Bank")

| Checking and Savings | Account Number | Opening Balance | Ending Balance |
|---|---|---|---|
| Select Checking W/Interest | 124-334555 | $ 600.63 | $ 600 |
| Select High Yield Savings | 124-342221 | $ 588.95 | $ 590. |
| **Total** | | **$ 1,189.58** | **$ 1,191.7** |

### Retirement Holdings - Bank Deposit Accounts

The products listed on this portion of the statement represent a summary of your assets that are retirement deposit accounts that are held through the Bank.

| SSN # XXX-XX-0043 | Account Number | Current Value |
|---|---|---|
| Traditional IRA Money Market Account<br>Interest earned for 34 day(s): $ 1.42; Annual Percentage Yield Earned: 2.10% | 783-6003511-19 | $ 735. |
| **Total** | | **$ 735.** |

### THIS ENDS YOUR STATEMENT OVERVIEW

July 14 - August 10, 2006
**Page 2 of 4**

124-00783-B008-00783-      -002-1-01-0000-0000- -IY          Primary Account Number: 124-334555

## Select Checking W/Interest          Account # 124-334555          PETER CASTELLANETA
(continued)

### Deposits and Credits

| Date | Description | Amount |
|------|-------------|--------|
| 08/08 | Seamensc Fcdd 080806 | $ 615.3 |
| 08/10 | Interest Credit | $ 17.2 |
| | **Total** | **$ 632.6** |

### Withdrawals and Debits

| Date | Description | Amount |
|------|-------------|--------|
| 07/27 | Insufficient Funds Service Fee | $ 32 |
| 07/28 | Debit Memorandum Ref: Levy | $ 29,978 |
| | **Total** | **$ 30,010.4** |

### Checks Paid

| Check | Date Paid | Amount | | | Total (1 check) |
|-------|-----------|--------|--|--|-----------------|
| 1156 | 07/17 | $ 590.00 | | | $ 590.00 |

* indicates gap in check sequence

### Daily Balances

| Date | Balance | Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|------|---------|
| 07/17 | $ 29,978.49 | 07/28 | $ 32.00 - | 08/10 | $ 600.63 | | |
| 07/27 | $ 29,946.49 | 08/08 | $ 583.35 | | | | |

## Select High Yield Savings          Account # 124-342221          PETER CASTELLANO

| Summary | Opening Balance | $ 446,085.75 | Average Balance | $ 223,064 |
|---------|-----------------|--------------|-----------------|-----------|
| | Deposits and Credits | $ 588.98 | Interest Earned for 18 Day(s) | $ 588 |
| | Checks, Withdrawals and Debits | $ 446,085.78 | Annual Percentage Yield Earned | 3 50 |
| | Ending Balance | $ 588.95 | Interest Credited in 2006 | $ 9,095 |
| | | | Interest Rate(s): | 07/14 to 08/10 at 3 4 |

### Deposits and Credits

| Date | Description | Amount |
|------|-------------|--------|
| 07/31 | Credit Memorandum Ref: Misc Credit | $ 0 |
| | | $ 588 |
| 08/10 | Interest Credit | $ 588 |
| | **Total** | **$ 588.** |

### Withdrawals and Debits

| Date | Description | Amount |
|------|-------------|--------|
| 07/28 | Debit Memorandum Ref: Seizure | $ 446,08 |
| | **Total** | **$ 446,085** |

### Daily Balances

| Date | Balance | Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|------|---------|
| 07/28 | $ 0.03 - | 07/31 | $ 0.00 | 08/10 | $ 588.95 | | |

# CHASE 

August 11 - September 13, 2006
**Page 2 of 3**

124-00783-B008-00783-    -002-1-03-0013-0000- -CN    Primary Account Number: 124-334555

## Select Checking W/Interest    Account # 124-334555    PETER CASTELLANETA

| Summary | | | | |
|---|---|---|---|---|
| | Opening Balance | $ 600.63 | Average Balance | $ 601 00 |
| | Deposits and Credits | $ 0.34 | Interest Earned for 34 Day(s) | $ 0.34 |
| | Checks, Withdrawals and Debits | $ 0.00 | Annual Percentage Yield Earned | 0.61% |
| | **Ending Balance** | **$ 600.97** | Interest Credited in 2006 | $ 319.08 |
| | | | Interest Rate(s): | 08/11 to 09/13 at 0.60% |

### Deposits and Credits

| Date | Description | | Amount |
|---|---|---|---|
| | | | $ 0.34 |
| 09/13 | Interest Credit | | |
| | | Total | $ 0.34 |

### Daily Balances

| Date | Balance | Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|---|---|
| 09/13 | $ 600.97 | | | | | | |

## Select High Yield Savings    Account # 124-342221    PETER CASTELLANO

| Summary | | | | |
|---|---|---|---|---|
| | Opening Balance | $ 588.95 | Average Balance | $ 589.0 |
| | Deposits and Credits | $ 1.84 | Interest Earned for 34 Day(s) | $ 1.84 |
| | Checks, Withdrawals and Debits | $ 0.00 | Annual Percentage Yield Earned | 3.41% |
| | **Ending Balance** | **$ 590.79** | Interest Credited in 2006 | $ 9,097.0 |
| | | | Interest Rate(s): | 08/11 to 09/13 at 3.34% |

### Deposits and Credits

| Date | Description | | Amount |
|---|---|---|---|
| | | | $ 1.8 |
| 09/13 | Interest Credit | | |
| | | Total | $ 1.8 |

### Daily Balances

| Date | Balance | Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|---|---|
| 09/13 | $ 590.79 | | | | | | |

## Monthly Fee

A $30.00 fee for this statement period will be deducted from your account and will appear on your next statement. Please update your records. Your combined average balance was $1,924.70. With a combined average deposit balance of $25,000 or a total of $50,000 in your combined average deposit balances plus the current balance of linked qualified Loan(s) and qualified non-FDIC insured investments you can avoid most monthly fees.

### THIS ENDS YOUR STATEMENT FINANCIAL DATA

**You will receive detailed statements when applicable for Retirement, Credit, and Securities accounts.**

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No: 071 292

------------------------------------------x

QUEENS LONG ISLAND MEDICAL GROUP, P.C

**SUMMONS**

Plaintiff(s)

**Date**
**Purchased**

- against-

PETER CASTELLANETA a/k/a PETER CASTELLANO,
CURTIS GATZ, DENISE LOMANICA, STAFFORD
PERSONNEL GROUP AND TRADITIONAL PERSONNEL
SERVICES,

Defendants

------------------------------------------x

YOU ARE HEREBY SUMMONED and required to serve on

SILVERSON, PARERES & LOMBARDI, LLP, 300 East 42nd Street, 5th

Floor, New York, NY 10017, an Answer to the Complaint which is

served on you with this Summons, within twenty (20) days after

the service of this Summons, exclusive of the day of service. If

you fail to do so, judgment by default will be taken against you

for the relief demanded in the Complaint. Any Answer that you

serve on the parties to this action must be filed with the Clerk

of this Court within a reasonable period of time after service.

Dated:   New York, New York
         July 31, 2007

                         Yours, etc.

                         SILVERSON, PARERES & LOMBARDI, LLP

              By:        _____
                         Craig J. Kamback
                         Attorney for Plaintiff
                         QUEENS LONG ISLAND
                         MEDICAL GROUP, P.C
                         300 East 42nd Street, 5th Floor
                         New York, New York 10017
                         212-557-1818

1

To:  KARASYK & MOCHELLA, LLP.
      Attn: PETER BRILL, Esq.
      Attorney(s) for Defendant,
      Peter Castellaneta
      225 Broadway, 32nd Fl.
      New York, N.Y. 10007

      ROGER J. BERNSTEIN Esq.
      BERNSTEIN, NACKMAN & FEINERBERGS,
      Attorneys for Defendant,
      Curtis Gatz
      233 Broadway, 2701
      New York, NY  10279
      (212)748-4800

      Denise LaMonica
      74 Ramble Road
      Staten Island, New York 10308

      STAFFORD PERSONNEL GROUP
      c/o The Secretary of State of New York
      123 William St
      New York, NY 10038

      TRADITIONAL PERSONNEL SERVICES,
      c/o The Secretary of State of New York
      123 William St
      New York, NY 10038

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------x          **Index No:**
QUEENS LONG ISLAND MEDICAL GROUP, P.C

                                                    **VERIFIED**
                         Plaintiff(s)               **COMPLAINT**

     - against-

PETER CASTELLANETA a/k/a PETER CASTELLANO,
CURTIS GATZ,  DENISE LOMANICA, STAFFORD
PERSONNEL GROUP, INC. and TRADITIONAL
PERSONNEL SERVICES,
                         Defendants
-----------------------------------------x

     Plaintiff, QUEENS LONG ISLAND MEDICAL GROUP, P.C.

(hereinafter referred to as "QLIMG"), by its attorneys,

SILVERSON, PARERES & LOMBARDI, LLP, as and for its Verified

Complaint against defendants PETER CASTELLANETA a/k/a PETER

CASTELLANO,    CURTIS    GATZ,    DENISE    LOMANICA,    STAFFORD

PERSONNEL GROUP, INC., and TRADITIONAL PERSONNEL SERVICES,

alleges the following, upon information and belief;

     1.    The   plaintiff,   QLIMG,   is   a   professional

corporation duly organized and existing under and pursuant

to the laws of the State of New York.

     2. The plaintiff, QLIMG, has its principal place of

business located at 1000 Zeckendorf Blvd, Garden City, New

York 11530.

     3. The plaintiff, QLIMG, is a corporation involved in

providing  medical  care  and  treatment  to  individuals  at

1

twenty three (23) various centers located in Queens, Nassau and Suffolk Counties, in the State of New York.

4. The plaintiff, QLIMG, consists of approximately 1600 employees including 300 physicians.

5. Defendant DENISE LAMONICA was hired by the plaintiff, QLIMG, in 2002 to serve as Human Resources Manager.

6. Defendant DENISE LAMONICA was hired to serve as a liaison between senior management and the medical centers that comprise QLIMG.

7. In her position, defendant DENISE LAMONICA was vested with certain authority over the various medical centers and would report and consult directly with senior management.

8. Defendant DENISE LAMONICA in her capacity as Human Resources Manager, was given the authority to staff the individual centers with employees, approve staffing requests, approve invoices related to staffing services, and submit invoices related to staffing services.

9. Defendant, PETER CASTELLANETA a/k/a PETER CASTELLANO, resides at 74 Ramble Rd. Staten Island, N.Y. 10308.

10. Defendant, CURTIS GATZ, resides at 1662 Marine Parkway, Brooklyn, N.Y. 11234.

2

11.   Defendant, DENISE LOMANICA, resides at 74 Ramble Road, Staten Island New York, 10308.

12.   Defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, willfully, knowingly, intentionally, and fraudulently created the defendant corporations, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES.

13. Defendant STAFFORD PERSONNEL GROUP, INC. was and is a domestic corporation, duly organized and existing under and pursuant to the laws of the State of New York.

14.   Defendant STAFFORD PERSONNEL GROUP, INC., was willfully, intentionally, and fraudulently created by defendants to defraud plaintiff, QLIMG.

15.   Defendant, STAFFORD PERSONNEL GROUP, INC., is a New York based corporation doing business at 74 Ramble Road, Staten Island, N.Y. 10308.

16.   Defendant, TRADITIONAL PERSONNEL SERVICES is a domestic corporation, duly organized and existing under and pursuant to the laws the State of New York.

17.   Defendant, TRADITIONAL PERSONNEL SERVICES is a New York based corporation and has its principal place of business at 61 Fourth Avenue, Suite 319, New York, N.Y. 10003.

3

18. Defendant, TRADITIONAL PERSONEL SERVICES is a New York based corporation doing business at 74 Ramble Road, Staten Island, N.Y. 10308.

19. Defendant, TRADITIONAL PERSONNEL SERVICES was intentionally, willfully and fraudulently created by the defendants to defraud the plaintiff, QLIMG.

20. Defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ and DENISE LOMANICA, were the principals and/or owners of the entity known as STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES.

21. Defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ and DENISE LOMANICA knowingly, intentionally, willfully and fraudulently created the defendant corporations, STAFFORD PERSONNEL GROUP, INC. and TRADITIONAL PERSONNEL SERVICES to defraud the plaintiff, QLIMG.

22. Defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES, knowingly, willfully, intentionally and fraudulently created invoices for employment and staffing services provided at the plaintiff's various centers when in fact no such services were rendered.

4

23. Defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES, knowingly, willfully, intentionally and fraudulently, submitted the fraudulent invoices from defendant corporations, STAFFORD PERSONNEL GROUP, INC. and TRADITIONAL PERSONNEL SERVICES, for payment by the plaintiff, QLIMG.

24. Defendant, DENISE LOMANICA, in her capacity as human resources manager, and with her vested authority, knowingly, willfully, intentionally and fraudulently approved the fraudulent and false invoices submitted to plaintiff QLIMG for payment.

25. Defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES, knowingly, willfully, intentionally and fraudulently submitted the fraudulent and false invoices for payment to the plaintiff, QLIMG.

26. Defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES, knowingly, willfully, intentionally, and fraudulently

5

collected payment from plaintiff, QLIMG, for employment services not provided to the plaintiff, QLIMG.

27.    Defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES, knowingly, willfully, intentionally, and fraudulently, took possession of the fraudulent funds and demonstrated control and possession over said funds.

28.    Defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES, knowingly, willfully, intentionally, and fraudulently deposited the funds, used the ill gotten PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES funds to their own benefit.

29.    On or about, February 23, 2007, defendant DENISE DOMANICA, pled guilty in the United States District Court, Southern District of New York before the Honorable Leonard Botands, and defendant to crimes based on her fraudulent conduct committed against plaintiff, QLIMG.

30.    Defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO and CURTIS GATZ, were also charged with crimes committed against the plaintiff, QLIMG and a trial took

6

place in early 2007 in United States District Court, Southern District.

31.   During the criminal trial, on or about, February 20, 2007, defendants PETER CASTELLANETA a/k/a PETER CASTELLANO and CURTIS GATZ, testified under oath and admitted that they received the money, by and through their ownership in the defendant corporations that were illegally obtained from plaintiff QLIMG. Defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO and CURTIS GATZ testified that the money they came into possession of was obtained by submitting fraudulent and false invoices for services not provided.

32.   Defendants PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES are wrongfully in possession of QLIMG's money, that was knowingly, willfully, intentionally, and fraudulently obtained as a result of the, willful, intentional and fraudulent actions of the defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES.

## AS AND FOR A FIRST CAUSE OF ACTION:*FRAUD*

33.   Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "32" with the same force and effect as though fully set forth herein.

34.   That between March 2003 and May 2006, defendants PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES knowingly, intentionally, willfully and fraudulently, sent false and fraudulent invoices from the defendant corporations that they owned, to the plaintiff, QLIMG, seeking payment for providing employment and staffing services at the plaintiff's facilities for services [not received].

35.   That between March, 2003 and May 2006, the defendants knowingly, willfully, intentionally, and fraudulently, failed to provide the employment and staffing services that were billed to and paid for by plaintiff, QLIMG.

36.   That between March 2003 and May 2006, the defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES knowingly, willfully, intentionally and fraudulently, received funds from plaintiff QLIMG as a result of the intentional,

8

willful and fraudulent invoices created and submitted by defendants.

37. That defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES, knowingly, willfully, intentionally and fraudulently, collected approximately Six Hundred Thousand Dollars ($600,000.00) over the period between March, 2003 and May, 2006.

38. Defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES knowingly, willfully, intentionally and fraudulently, continued to accept the funds after obtaining knowledge of and/or becoming aware of defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES fraudulent activities.

39. Defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES, knowingly, willfully, intentionally and fraudulently manipulated and/or knowingly, willfully, intentionally defrauded the plaintiff, QLIMG, between the period of March

2003 and May 2006, causing the plaintiff, QLIMG, to be irreparably harmed in reputation and suffer monetary damages in the amount of approximately Six Hundred Thousand Dollars ($600,000.00), together with interest, costs and fees, including attorneys fees.

40. Plaintiff QLIMG relied upon the false, fraudulent, intentional and willful, representations of defendants PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES to its own detriment, and the plaintiff, QLIMG, has suffered irreparable harm, including but not limited to, loss of reputation and significant monetary damages in the amount of approximately Six Hundred Thousand Dollars ($600,000.00), together with interest, costs and fees, including attorneys fees.

### AS AND FOR A SECOND CAUSE OF ACTION: *MISREPRESENTATION*

41. Plaintiff hereby repeats and realleges each and every cause of action in paragraphs "1" through "40" with the same force and effect as though fully set forth herein.

42. That between March 2003 and May 2006, defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES knowingly, willfully and

intentionally, misrepresented that they and/or their corporations provided employment and staffing services to plaintiff QLIMG when in fact no such services were rendered.

43.    Defendants PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES collected funds as a result of their misrepresentations in the amount of Six Hundred Thousand Dollars ($600,000.00) from plaintiff QLIMG.

44.    That between March 2003 and May 2006, plaintiff QLIMG relied on defendants PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES; intentional, willful, and fraudulent representations to the plaintiff QLIMG's detriment.

45.    That between March 2003 and May 2006, plaintiff QLIMG paid invoices submitted by the defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES, for employment and staffing services despite the fact that services being billed for were never provided in the amount of approximately Six Hundred Thousand Dollars ($600,000.00).

46. That between March 2003 and May 2006, plaintiff QLIMG suffered significant monetary damages due to the willful, intentional, and fraudulent misrepresentations made by defendants PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES, in the amount of approximately Six Hundred Thousand Dollars, ($600,000.00).

### AS AND FOR A THIRD CAUSE OF ACTION: *CONVERSION*

47. Plaintiff hereby repeats and realleges each and every cause of action in paragraphs "1" through "46" with the same force and effect as though fully set forth herein.

48. At all times herein mentioned, and in particular between March 2003 and May 2006, plaintiff QLIMG was defrauded by defendants and is entitled to the return of funds in the amount of Six Hundred Thousand Dollars ($600,000.00) that was taken from plaintiff.

49. That between March, 2003 and May 2006, plaintiff QLIMG suffered damages in the amount of Six Hundred Thousand Dollars ($600,000.00) together with interest, costs and fees, including attorney fees.

50. Upon information and belief, between March, 2003 and February 2006, defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD

12

PERSONNEL GROUP, INC. AND TRADITIOANL PERSONALL SERVIES, knowingly, intentionally, willfully, and fraudulently, came into possession of plaintiff's funds and converted the same for their own use.

51.  Upon information and belief, between March, 2003 and February 2006, defendants PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROPU AND TRADITIONAL PERSONNEL SERVIES willfully, intentionally and knowingly, deposited the ill gotten funds into various accounts in the names of the defendants, CURTIS GATZ, PETER CASTELLANETA a/k/a PETER CASTELLANOAND DENISE LOMANICA, STAFFORD PERSONELL GROUP AND TRADITIOANL PERSONAL SERVICES, INC.

52.  Defendants PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROPU AND TRADITIONAL PERSONNEL SERVICES testified at trial that they came into possession of $600,000.00 that was wrongfully taken from plaintiff QLIMG, and converted same for their own personal use.

## AS AND FOR A FOURTH CAUSE OF ACTION: *UNJUST ENRICHMENT*

53.  Plaintiff QLIMG, repeats and realleges each and every allegation in paragraphs "1" through "52" with the same force and effect as though fully set forth herein.

13

54.    Between March 2003 and May 2006, defendants PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES entered into an agreement with each other whereby the defendants would knowingly, intentionally, willfully and fraudulently create invoices from the defendant corporations and defendant, DENISE LOMANICA, as an employee of the plaintiff, would submit the invoices for payment to the plaintiff, QLIMG.

55.    Between March 2003 and May 2006, plaintiff QLIMG paid invoices to the defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES in the amount of approximately Six Hundred Thousand Dollars ($600,000.00) for services that defendants never provided.

56.    Defendants PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES, have been unjustly enriched in that they collected money which they admitted they were not entitled to in the amount of approximately $600,000.00 from the plaintiff, QLIMG, all to the detriment of the plaintiff QLIMG.

57.    Defendants PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD

14

PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES benefited from the wrongful receipt of approximately Six Hundred Thousand Dollars ($600,000.00) from the plaintiff, QLIMG, and have been unjustly enriched.

58.     As a result of the unjust enrichment of the defendants, PETER CASTELLANETA a/k/a PETER CASTELLANO, CURTIS GATZ, DENISE LOMANICA, STAFFORD PERSONNEL GROUP, INC. AND TRADITIONAL PERSONNEL SERVICES, plaintiff QLIMG has been damaged in the amount of approximately Six Hundred Thousand Dollars ($600,000.00).

**WHEREFORE:**     Plaintiff demands judgment against the defendants in the amount of Six Hundred Thousand Dollars ($600,000.00) together with interest, costs and attorneys fees in this action.

Dated:  New York, New York
        July 31, 2007

                        Yours, etc.

                        SILVERSON, PARERES & LOMBARDI, LLP


        By:     _____
                    Craig J. Kamback, Esq.
                Attorney for Plaintiff
                QUEENS LONG ISLAND MEDICAL
                GROUP, P.C
                300 East 42nd Street, 5th Floor
                New York, New York 10017
                212-557-1818

15

## VERIFICATION

STATE OF NEW YORK  }
                   ss.:
COUNTY OF NEW YORK }

Craig J. Kamback, Esq., hereby affirms subject to the penalties of perjury; I have read the foregoing Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

Respectfully submitted,

SILVERSON, PARERES & LOMBARDI, LLP

By: _____
    Craig J. Kamback, Esq.
    Attorney for Plaintiff
    QUEENS LONG ISLAND MEDICAL
    GROUP, P.C
    300 East 42nd Street, 5th Floor
    New York, New York 10017
    212-557-1818

# EXHIBIT C

**Peter Brill**

| | |
|---|---|
| **From:** | Spilker, Renee (USANYS) [Renee.Spilker@usdoj.gov] |
| **Sent:** | Wednesday, August 29, 2007 4:18 PM |
| **To:** | pbrill@kmattorneys.com; rporitz@splllp.com |
| **Cc:** | Ramachandran, Seetha (USANYS) |
| **Subject:** | US v Peter Castellanta & Queens Long Island Medical Group |
| **Attachments:** | letter to judge.PDF; complaint.PDF; summons.PDF |

<<letter to judge.PDF>> <<complaint.PDF>> <<summons.PDF>>