UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                     :

UNITED STATES OF AMERICA,          :

               Plaintiff,   :          06 Cr. 684 (GEL)

                                   :

        against            :

                                   :

PETER CASTELLANETA and        :
 CURTIS GATZ,                  :

                                   :

           Defendants.   :
------------------------------------------------------------x
                                   :

UNITED STATES OF AMERICA,          :

               Plaintiff,   :

                                   :

        against            :          07 Civ. 7694 (GEL)

                                   :

PETER CASTELLANETA and QUEENS LONG  :
ISLAND MEDICAL GROUP, P.C.       :

                                   :

          Defendants.   :
------------------------------------------------------------x

---

## DEFENDANT PETER CASTELLANETA'S REPLY MEMORANDUM OF LAW

---

KARASYK & MOSCHELLA, LLP
Peter E. Brill (PB 0818)
*Attorney for Defendant Peter Castellaneta*
225 Broadway, 32nd Floor
New York, NY 10007
(212) 233-3800

**Preliminary Statement**

1.        Defendant, Peter Castellaneta, respectfully submits this Memorandum of Law in

Reply to the Memorandum of Law submitted by Queens Long Island Medical Group ("QLIMG")

opposing Defendant Castellaneta's motion before this Court for relief under Rule 12(b)(6) of the

Federal Rules of Civil Procedure dismissing the government's interpleader complaint or, in the

alternative, under Rule 6.3 of the Southern District of New York reconsidering its interpleader

order of September 4, 2007.  Additionally, Defendant Castellaneta maintains his request that the

Court vacate the stay of the proceedings entered by this Court on September 4, 2007, and direct

the return of Mr. Castellaneta's funds.

**Argument**

2.        The mistaken assumption in QLIMG's improper attempt to intervene in this

matter is that the money wrongfully seized from Mr. Castellaneta by the Government in its

criminal proceeding and concomitant civil forfeiture action is the same money QLIMG would be

entitled to should it prevail in its civil claim. That QLIMG will prevail in its civil claim remains

in doubt due to a pending motion to dismiss and the lack of facts on its side. That QLIMG would

not be entitled to pre-judgment attachment under New York State law should not be in doubt.

N.Y. CPLR § 6201.

3.        QLIMG initially misstates the facts of this matter by asserting incorrectly that the

seized property at issue herein is "approximately $600,000, which was fraudulently obtained

from QLIMG by the defendants in this action..." (QLIMG Memorandum of Law, October 12,

2007, ¶ 3). This is precisely the question that is at issue in New York State Supreme Court:

whether or not $590,000.00 was fraudulently or wrongly obtained from QLIMG. Contrary to

QLIMG's repeated claims, however, the property seized from Mr. Castellaneta's personal bank

accounts in no way represents "the monies wrongly taken by these three individuals

[Castellaneta, Curtis Gatz and Denise LaMonica] from QLIMG." (QLIMG Memorandum of

Law, ¶ 7). Nor has Mr. Castellaneta ever "admitted that he fraudulently obtained money from

QLIMG through his corporations." (QLIMG Memorandum of Law, ¶ 11). Rather, the majority of

the (actually) $476,654.24 seized from Mr. Castellaneta's personal bank accounts bears no

relation to the funds fraudulently obtained due to Denise LaMonica's criminal activity. This is

evidenced by Mr. Castellaneta's bank statement of January 13, 2003, which was long before

Stafford or Traditional were incorporated or doing business, showing a combined personal

balance of $356,784.25 (Attached hereto as **Exhibit "A"**).

    4.     QLIMG quotes from Denise LaMonica's guilty plea, somehow attempting to

implicate Mr. Castellaneta in activity for which he has already been acquitted. As the

Government's own proof showed in the criminal matter, however, the only money traceable to

Peter Castellaneta was $111,380.94. This is the only amount of money for which a reasonable

argument can be made that Peter Castellaneta might bear responsibility for repayment pre-

judgment. It was to this money that Mr. Castellaneta referred in his testimony in the criminal

matter, not to the $590,000.00 paid out by QLIMG. (QLIMG Memorandum of Law, ¶ 6).

However, the entire dispute remains part of the civil claim, brought under New York State law,

where plaintiffs seeking pre-judgment attachment must meet an extremely high standard. N.Y.

CPLR § 6201. QLIMG is attempting to misuse the forfeiture proceeding to avoid having to meet

that high standard, because it is unable to do so.

    5.     QLIMG has, tellingly, made no attempt at pre-judgment attachment in New York

State Supreme Court against Mr. Castellaneta, Mr. Gatz, Ms. LaMonica, Stafford or Traditional,

though most if not all of these individuals and/or corporations have assets in New York State.

QLIMG's failure to even attempt pre-judgment attachment is likely because it knows that such an attempt would fail in this case. That is, even if Mr. Castellaneta were found to be a joint tortfeasor with Mr. Gatz and Ms. LaMonica in the New York State civil matter, QLIMG would be entitled to a judgment only after the civil action concluded. Other than QLIMG's bald, unsupported assertions that "this cout's [sic] order is proper and necessary to precent [sic] irreparable harm to QLIMG," QLIMG has failed to offer this Court any support for its allegation that it, alone among similarly-situated plaintiffs in New York State, is somehow entitled to pre-judgment attachment rather than a post-litigation judgment should it prevail. (QLIMG Memorandum of Law, heading prior to ¶ 9). In fact, in its own papers QLIMG admits that Mr. Castellaneta is only "*potentially* jointly and severally liable in the civil lawsuit,"and of course would only be personally liable should QLIMG get past the pending motion to dismiss and successfully prove he committed an intentional tort. (QLIMG Memorandum of Law, ¶ 13, emphasis added). Ultimately, allowing Mr. Castellaneta's funds to remain with the Court is to allow QLIMG to unfairly use the Federal Courts to gain leverage over Mr. Castellaneta in its New York State civil case.

6.     Incidentally, there has been no refusal to provide Mr. Castellaneta's bank records to QLIMG both because of the previously mentioned pending motion to dismiss and because no formal request has been received (though informal telephone discussions did take place, no firm agreement to provide the records was ever reached due to the suddenness of the Court's initial decision on the Government's interpleader motion). As QLIMG is seeking "to determine the specific path of funds stolen from QLIMG," counsel for Mr. Castellaneta has directed QLIMG to the financial records prepared by the Government in the criminal matter, surely the most concise and complete records available for that purpose. (QLIMG Memorandum of Law, ¶ 17). It is

unclear if QLIMG has reviewed these records to date, especially given its own mistaken assertion that "the evidence at trial indicates the financial records will establish that Mr. Castellaneta is responsible for more than the admitted $120,000," not that Mr. Castellaneta admitted any such thing. (QLIMG Memorandum of Law, ¶ 19).

7.      Of course, QLIMG's opposition does nothing to address the fact that this Court entered its original order without allowing Mr. Castellaneta any opportunity to respond to the Government's complaint for interpleader. We respectfully ask the Court to consider the other objections to the Government's complaint contained in our initial Motion to Dismiss and Reconsider, briefly: that QLIMG has no claim against the government for the seized funds and, as such, there are no adverse claims between QLIMG and Castellaneta; that the government could therefore not be subject to double liability, as it faces only potential liability to Mr. Castellaneta if it fails to return his money; and the government did not adequately identify a single fund for interpleader because the originally seized funds were taken from several different accounts and were over four times greater than the amount allegedly received by Mr. Castellaneta from Stafford.

8.      As stated in Mr. Castellaneta's initial Motion to Dismiss and Reconsider, Mr. Castellaneta is cognizant of the Court's willingness to defer to the state court's orders regarding interim relief as to the disposition of Mr. Castellaneta's funds. However, it is respectfully suggested that requiring Mr. Castellaneta to bring additional action in state court to recover funds that are rightly his would be violative of his rights under United States asset forfeiture laws, where the Government's motion herein should not have been granted and QLIMG's claims for the funds in question are not proper.

## Conclusion

For all the foregoing reasons, Defendant Peter Castellaneta respectfully requests that this Court dismiss the interpleader action or reconsider its decision granting interpleader. Additionally, Defendant requests that the Court vacate the stay of proceedings entered by this Court and direct the return of all of Mr. Castellaneta's funds.

Dated: New York, New York
      October 19, 2007

                    Respectfully Submitted,

                    KARASYK & MOSCHELLA, LLP

By: _____
                    Peter E. Brill (PB 0818)
                    Attorney for Defendant Peter Castellaneta
                    225 Broadway, 32nd Floor
                    New York, NY 10007
                    (212) 233-3800

# EXHIBIT A

124-00783-B008-02384-      -002-1-01-0000-0000- -SY

PETER CASTELLANO
74 RAMBLE RD.
STATEN ISLAND NY  10308-3528

ԿⱮⱮⱮⱮ ⱮⱮⱮⱮⱮ

December 12 - January 13, 2003
**Page 1 of 5**

## Select Banking®
## Statement

**Select Banking Customer Service℠**
1-800-832-2088
Automated account information 24/7
Personal assistance 6 a.m. - midnight ET
Hearing impaired call 1-800-CHASETD

Primary Account Number:   124-334555
Number of Checks Enclosed: 12

### Important Notice

If we currently enclose checks with your statement, you will begin receiving check images
in April.  Most of our customers already enjoy the many advantages of check imaging.
Please see the last page of this statement for more information about this change.

## OVERVIEW

### Deposit Accounts - JPMorgan Chase Bank ("Bank")

| Checking and Savings | Account Number | Opening Balance | Ending Balance |
|---|---|---|---|
| Select Checking W/Interest | 124-334555 | $ 11,953.19 | $ 17,030.66 |
| Select High Yield Savings | 124-342221 | $ 339,280.88 | $ 339,753.59 |
| **Total** | | **$ 351,234.07** | **$ 356,784.25** |

### Retirement Holdings - Bank Deposit Accounts

The products listed on this portion of the statement represent a summary of your assets that are retirement
deposit accounts that are held through the Bank.

SSN # XXX-XX-0043

| | Account Number | Current Value |
|---|---|---|
| Traditional IRA Money Market Account | 783-8003511-19 | $ 698.51 |
| Interest earned for 33 day(s): $ 0.95; Annual Percentage Yield Earned: 1.52% | | |
| **Total** | | **$ 698.51** |

### THIS ENDS YOUR STATEMENT OVERVIEW

### Important Select Information

This statement period your combined average balance(s) totaled $ 354,225.72.
You will earn the Select Premium Rates offered on all balances in Select Checking with Interest, High Yield
Savings and Money Market Accounts during the next statement period because your combined average deposit
balance exceeded $50,000.  Rates may vary by product.

### Select Checking W/Interest          Account # 124-334555                Peter Castellano

| Summary | | | | |
|---|---|---|---|---|
| | Opening Balance | $ 11,953.19 | Average Balance | $ 14,232.36 |
| | Deposits and Credits | $ 12,004.43 | Interest Earned for 33 Day(s) | $ 5.08 |
| | Checks, Withdrawals and Debits | $ 6,926.96 | Annual Percentage Yield Earned | 0.40% |
| | Ending Balance | $ 17,030.66 | Interest Credited in 2003 | $ 5.08 |
| | | | Interest Rate(s): | 12/12 to 01/13 at 0.40% |

You will receive detailed statements when applicable for Retirement, Credit, and Securities accounts.

00603

December 12 - January 13, 2003
**Page 2 of 5**

124-00783-B008-02384-    -002-1-01-0000-0000- -SY

Primary Account Number: 124-334555

## Select Checking W/Interest (continued) — Account # 124-334555 — Peter Castellano

Another advantage of Select Banking... You have earned the Select Premium Rate.

### Deposits and Credits

| Date | Description | Amount |
|---|---|---|
| 12/12 | Deposit | $ 3,727.56 |
| 12/12 | Deposit | $ 1,931.17 |
| 12/20 | Deposit | $ 881.89 |
| 12/31 | Deposit | $ 1,931.17 |
| 01/09 | Deposit | $ 3,727.56 |
| 01/13 | Interest Credit | $ 5.08 |
| | Total | $ 12,004.43 |

### Withdrawals and Debits

| Date | Description | Amount |
|---|---|---|
| 12/16 | Returned Item Charged Back | $ 881.89 |
| 12/16 | Returned Deposited Item Fee | $ 10.00 |
| 12/19 | Returned Item Charged Back | $ 1,931.17 |
| 12/19 | Returned Deposited Item Fee | $ 10.00 |
| | Total | $ 2,633.06 |

### Checks Paid

| Check | Date Paid | Amount | Check | Date Paid | Amount | Check | Date Paid | Amount |
|---|---|---|---|---|---|---|---|---|
| 780 | 12/17 | $ 2,304.02 | 784 | 12/20 | $ 102.87 | 788 | 12/23 | $ 801.73 |
| 781 | 12/13 | $ 172.00 | 785 | 12/23 | $ 92.14 | 790* | 01/10 | $ 172.00 |
| 782 | 12/16 | $ 157.00 | 786 | 12/20 | $ 124.60 | 791 | 01/13 | $ 157.00 |
| 783 | 12/16 | $ 67.20 | 787 | 12/19 | $ 35.00 | 792 | 01/13 | $ 108.34 |

* indicates gap in check sequence

Total (12 checks) $ 4,293.90

### Daily Balances

| Date | Balance | Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|---|---|
| 12/12 | $ 17,811.92 | 12/17 | $ 14,219.81 | 12/23 | $ 11,804.19 | 01/10 | $ 17,290.92 |
| 12/13 | $ 17,439.92 | 12/19 | $ 12,243.64 | 12/31 | $ 13,735.36 | 01/13 | $ 17,030.66 |
| 12/16 | $ 16,523.83 | 12/20 | $ 12,698.06 | 01/09 | $ 17,482.92 | | |

## Select High Yield Savings — Account # 124-342241 — Peter Castellano

| Summary | | | | |
|---|---|---|---|---|
| | Opening Balance | $ 339,280.88 | Average Balance | $ 339,295.33 |
| | Deposits and Credits | $ 472.71 | Interest Earned for 33 Day(s) | $ 472.71 |
| | Checks, Withdrawals and Debits | $ 0.00 | Annual Percentage Yield Earned | 1.55% |
| | Ending Balance | $ 339,753.59 | Interest Credited in 2003 | $ 472.71 |
| | | | Interest Rate(s): | 12/12 to 01/13 at 1.54% |

Another advantage of Select Banking... You have earned the Select Premium Rate.

00604

December 12 - January 13, 2003
**Page 3 of 5**

124-00783-B008-02384-        -002-1-01-0000-0000- -SY        Primary Account Number: 124-334555

| Select High Yield Savings (continued) | Account # 124-34022 | | Peter Castellano |
|---|---|---|---|

## Deposits and Credits

| Date | Description | Amount |
|---|---|---|
| 01/13 | Interest Credit | $ 472.71 |
| | Total | $ 472.71 |

## Daily Balances

| Date | Balance | Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|---|---|
| 01/13 | $ 339,753.59 | | | | | | |

### THIS ENDS YOUR STATEMENT FINANCIAL DATA

Personal accounts are subject to the Deposit Accounts Agreement and Disclosures. Business Accounts are subject to the Terms and Conditions for Business Accounts and Services. Please note the rules regarding the time within which you must notify JPMorgan Chase Bank (the "Bank") of any error or discrepancies. Call us at the phone number printed on the front of this statement, or write to us at: P.O. Box 5206, New Hyde Park, NY 11042.

WorldWide Consumer Bank customers, please write to us at WCB/IPB, P.O. Box 79779, Houston, TX 77224-9779.

Accounts held at the Bank, including checking, savings, CD, and money market accounts are FDIC insured to the extent permitted by law. Call us for full details and limitations of FDIC coverage.

### How to Balance Your Checkbook

**Items Outstanding** (checks and withdrawals not yet shown on your statement)

| Number or Date | Amount | |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL | | |

1. **Update your checkbook.**

   A. Record in your checkbook register all automatic transactions listed in your statement that you have not previously entered, including:
   + any interest earned
   + automatic deposits
   - service charges
   - automatic payments

   B. Enter in your checkbook register any other transactions listed in your statement that you did not record, including:
   + deposits
   - checks paid
   - ATM withdrawals
   - phone transfers and payments

2. **Adjust your statement balance.**

   A. ENTER your checking account closing balance shown on the front of this statement.

   B. ADD any deposits not yet shown on your statement.        +

   C. TOTAL (A and B above).

   D. SUBTRACT total items outstanding (from chart at left).     —

   E. BALANCE (should equal your checkbook balance).

If you have any questions about your accounts, call the customer service number on the front of your statement.

December 12 - January 13, 2003
**Page 4 of 5**

124-00783-B008-02384-        -002-1-01-0000-0000- -SY        Primary Account Number: 124-334555

**Chase Online(sm) - Banking at your fingertips, 24/7**                                    Peter Castellano

With Chase Online paying bills is easy, convenient, and best of all it's FREE!

-No checks, stamps or envelopes needed
-Pay almost anyone from the cable company to your landlord
-Control when payments are made - you set the schedule
-Set up automatic payments for bills like your mortgage and never miss a due date

Get started today!  Log on, sign up or view a demo at www.chase.com/go.

**If managing your expenses is a New Years resolution, Chase can help**                    Peter Castellano

By using your Chase Banking Card with the MasterCard(R) logo you pay as you go.  All of
your purchases are deducted from your Chase checking account.  Plus, you'll have a record
of all your purchases!

Your Chase Banking Card also provides the SECURITY and CONVENIENCE that you expect.
Just present your Card to the merchant, sign your receipt and go.  Your Card comes with
Zero Liability - protecting you from liability for purchases made by unauthorized
individuals.  Certain restrictions apply, please call the ServiceLine(SM) phone number on
the front of this statement for more information.

December 12 - January 13, 2003
**Page 5 of 5**

124-00783-B008-02384-     -002-1-01-0000-0000- -SY          Primary Account Number: 124-334555

## Chase Is Going to Make Your Life Easier – Coming in April...
## Your Statement Will Automatically Include <u>Check Imaging</u> –



Check #0120          $90.00 Paid 08/15

*With <u>Check Imaging</u>...*

- Chase automatically retains and archives digital images of your cancelled checks – front and back – for 7 years!
- <u>Check Images</u> are valid proof of payment – even the IRS accepts check images as valid proof of payment!
- There's no more sorting or filing – checks are reproduced in sequential order so there's no need to sort them and there are no bulky checks to file.
- It's faster to review your check activity – check number, dollar amount and date paid are printed below each check image.
- It's easy to request copies – drop by any Chase branch or call the number listed in the top right hand corner of your statement.  Receive up to 3 free copies of the front and back of your checks each month, upon request.
- There's no charge – <u>Check Imaging</u> is a complimentary service.

Should you have any questions or wish to receive the original checks with your monthly statement, please notify us by calling the number listed in the top right hand corner of your statement by February 28, 2003.